## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SOUTHLAND ROYALTY COMPANY LLC, | ) | Case No. 20-10158 (KBO) |
| | ) | |
| Debtor.[1] | ) | |
| | ) | |
| | ) | |
| SOUTHLAND ROYALTY COMPANY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adv. Pro. No. 20-50551 (KBO) |
| | ) | |
| WAMSUTTER LLC, | ) | |
| | ) | **Re: Adv. Docket No. 218** |
| Defendant. | ) | |
| | ) | |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO REDACT CERTAIN PORTIONS OF THE DEBTOR'S LETTER BRIEF IN OPPOSITION TO POST-TRIAL EVIDENTIARY OBJECTIONS OF WILLIAMS**

Southland Royalty Company LLC (the "***Debtor***") submits this motion (this "***Motion***") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "***Proposed Order***"), authorizing the Debtor to file under seal the *Debtor's Letter Brief in Opposition to Post-Trial Evidentiary Objections of Williams* (the "***Opposition***") [Adv. D.I. 218] filed in the above-captioned adversary proceeding (the "***Adversary Proceeding***") in response to the letter brief filed by defendant Wamsutter LLC ("***Williams***") [Adv. D.I. 216] (the "***Williams Objection***"). In support of this Motion, the Debtor respectfully states as follows:

---

[1] The last four digits of the Debtor's United States federal tax identification number are 8522. The Debtor's mailing address is 400 West 7th Street, Fort Worth, Texas 76102.

## JURISDICTION AND VENUE

1.	This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b), and, under Local Rule 7012-1, the Debtor consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue of the chapter 11 case and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested herein are section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1(b).

## BACKGROUND

2.	On January 27, 2020 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "*Chapter 11 Case*").

3.	On February 10, 2020, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "*Committee*," and together with the Debtor and Wamsutter, the "*Parties*") [Bankr. Docket No. 84].  No trustee or examiner has been appointed in the Chapter 11 Case.

4.	4.	On March 27, 2020, the Debtor filed a complaint (as amended, the "Complaint") against Wamsutter, thereby initiating an adversary proceeding captioned *Southland Royalty Co. LLC v. Wamsutter LLC (In re Southland Royalty Co. LLC)*, No. 20-10158 (KBO), Adv. Pro. No. 20-50551 (Bankr. D. Del.) (the "*Adversary Proceeding*"). On July 13, 2020, the Court entered the Order Approving Stipulated Confidentiality Agreement and Protective Order [Adv. D.I. 76]  (the "*Protective Order*").

27165688.1

Case 20-50551-KBO    Doc 221    Filed 10/09/20    Page 3 of 6

5.     The Court held a five-day trial (the "***Trial***") in this Adversary Proceeding commencing on September 21, 2020 and ending on September 28, 2020. Following the Trial, on October 1, 2020, Wamsutter filed the Williams Objection, in which it objected to the admissibility of certain evidence. On October 6, 2020, the Debtor filed its Opposition to the Williams Objection. The Debtor's Opposition to the Williams Objection attached exhibits which contain confidential information that is commercially sensitive (the "***Confidential Information***").

**RELIEF REQUESTED**

6.     By this Motion, the Debtor requests entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>**, authorizing the Debtor to file the unredacted Opposition under seal, and to file as a publicly available document the Opposition with confidential portions of the Opposition redacted.

**BASIS FOR RELIEF**

7.     Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information.  This section provides in part that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1)    protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2)    protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).  In addition, under section 105(a) of the Bankruptcy Code, the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).

8. Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, and provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ."  Fed. R. Bankr. P. 9018.

9. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause."  *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995).  Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application."  *Orion Pictures*, 21 F.3d at 27; *see also In re Altegrity, Inc.*, No. 15-10226, 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) ("[I]f it is established that the documents sought to be sealed fall within the enumerated statutory exception, the court *must* grant the requested relief (or such other relief that protects the moving party)." (emphasis added)).

10. The Debtor submits that the Confidential Information satisfies one of the categories in section 107(b) of the Bankruptcy Code, as the Confidential Information contains commercially sensitive information.  Accordingly, in order to protect the Debtor's proprietary and commercially sensitive information, the Debtor submits that sufficient cause exists for the Court to allow for the sealing of the Confidential Information.

11. The Debtor submits that filing the Confidential Information under seal will not prejudice any parties in interest.  To ensure that key constituents in the case receive adequate

notice, the Debtor has shared (or will share) a copy of the sealed Opposition with the Court, the United States Trustee for the District of Delaware, counsel to the Committee, and counsel to the RBL Agent.

12.     For the foregoing reasons, the Debtor respectfully requests that the Court permit the Debtor to file the Confidential Information under seal.

## **COMPLIANCE WITH LOCAL RULE 9018-1(d)**

13.     To the best of the knowledge, information and belief of the undersigned counsel to the Debtor, the Opposition does not contain information subject to Confidentiality Rights (as defined in Local Rule 9018-1(d)(iii)) of another Holder of Confidentiality Rights. To that end, counsel for Wamsutter has advised counsel for the Debtor that it has reviewed the Opposition, and Wamsutter does not believe the Opposition contains information that requires confidential treatment from Wamsutter's perspective.

## **NOTICE**

14.     Notice of this Motion has been provided to the following parties in interest: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to Wamsutter; and (c) counsel to the Committee; and (d) counsel to the RBL Agent.  In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

*[Remainder of page intentionally left blank]*

27165688.1

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter the Proposed

Order granting the relief requested herein and such other and further relief as is just and proper.

Dated:  October 9, 2020
       Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

/s/ S. Alexander Faris
M. Blake Cleary (No. 3614)
Sean M. Beach (No. 4070)
S. Alexander Faris (No. 6278)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email:  mbcleary@ycst.com
      sbeach@ycst.com
      afaris@ycst.com

-and-

**SHEARMAN & STERLING LLP**

C. Luckey McDowell (admitted *pro hac vice*)
Ian E. Roberts (admitted *pro hac vice*)
2828 N. Harwood Street, Suite 1800
Dallas, TX 75201
Phone:  (214) 271-5777
Email:  luckey.mcdowell@shearman.com
      ian.roberts@shearman.com

Sara Coelho (admitted *pro hac vice*)
Foteini Teloni (admitted *pro hac vice*)
599 Lexington Avenue
New York, NY 10022
Phone:  (212) 848-4000
Email:  sara.coelho@shearman.com
      fay.teloni@shearman.com

*Co-Counsel to the Debtor and*
*Debtor in Possession*